EX. A

EFiled: Nov 11 2005 1:35PM EST
Transaction ID 7416031

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., | |
| **Plaintiff,** | |
| v. | C.A. No. *1776 - N* |
| ALBERMARLE CORP., | |
| **Defendant.** | |

### COMPLAINT

#### Nature of the Action

1.    This is an action for trademark infringement, unfair competition and related claims brought by Crown Packaging Technology, Inc. ("Crown") to prevent Albermarle Corp. ("Albermarle") from intentionally and maliciously undermining Crown's well-recognized and long-established trademarks in order to promote Albermarle's own business interests. Even after having been made explicitly aware that Albermarle was violating Crown's protected rights, Albermarle has continued to take actions that can only be intended to erode Crown's valuable goodwill. Consequently, Crown seeks an injunction to prevent Albermarle's trademark infringement, dilution, unfair competition and slander of title, and damages to compensate Crown for the costs of protecting the rights to its trademarks.

#### The Parties

2.    Plaintiff, Crown, is incorporated under the laws of the State of Delaware with a principal place of business at 11535 S. Central Ave., Alsip, Illinois 60803.

623102_4                                    1

3.     Defendant, Albermarle Corp. is incorporated under the laws of the State of Delaware and purports to have a business address of 600 Peachtree Street, N.E., Suite 5200, Atlanta, Georgia.

## Crown and the CROWN™ Trademarks

4.     Plaintiff, Crown, is the owner, registrant and applicant of several trademarks throughout the United States and the world for a "Crown" design and the word "Crown" (collectively, the "CROWN™" trademarks[1]) associated with a wide variety of food packaging and other products.  A list of Crown's U.S. trademark registrations and applications that include the CROWN word or design is attached hereto as Exhibit "A".

5.     In 1892, William Painter revolutionized the bottling industry when he invented and patented the bottle cap and thereafter founded the Crown Cork and Seal Company of Baltimore.  By the time Painter died in 1906, his company had expanded its manufacturing base around the world.  By the 1930's, Crown Cork and Seal was selling half of the world's bottle caps and had entered the tin can business.  By the 1960's, the company had developed many more products and, among other things, had become the world's largest producer of steel aerosol cans.

6.     Today, Crown (plaintiff herein, along with the various Crown companies which manufacture and sell products under the federally registered CROWN® trademarks, also collectively referred to herein as "Crown") is one of the world's leading

---

[1]    This designation is used herein to encompass Crown's federally registered trademarks ("CROWN®") as well as its trademark applications and any non-registered uses of Crown's distinctive name and design marks, both in the United States and abroad.

packaging companies, manufacturing packaging products in 191 plants located in 44 countries, including, among other things, plastic and metal containers, bottles, caps, lids and closures used in the beverage and food packaging industry.

7.    Many of the CROWN™ trademark applications and registrations owned by Crown identify products classified in International Classes 20 and 21 which include, among other things, plastic food and beverage containers, lids, caps and closures. In addition, CROWN™ trademark applications and registrations also pertain to products in International Class 6, for various types of metal cans, lids, closures and bottle caps, etc., Class 7, for various types of packaging machinery, and Class 1, *e.g.*, for polymer resin materials used in the manufacture of non-metallic containers and closures.

8.    The CROWN™ trademarks for containers, lids, closures, cans, container seals and related products have been in extensive and continuous use, nationwide and worldwide, for approximately 100 years, giving Crown superior rights in and to these trademarks in the United States.

9.    Crown has expended a great deal of money advertising and promoting their products under the CROWN™ trademarks in the United States and throughout the world and, as a result, the CROWN™ marks have become assets of enormous value.

10.    The CROWN™ name and design marks have acquired specific and special significance through their long-established use in both United States and foreign markets, and are therefore entitled to protection under both statutory and common law.

11. The CROWN™ marks are famous, inherently distinctive and represent the exceedingly good will of Crown. As such, the relevant public has come to rely upon and recognize the CROWN™ marks.

## Albermarle's Applications for and Registration of CROWN-Related Marks

12. Albermarle was incorporated in the State of Delaware on June 12, 2002.

13. According to the U.S. Patent and Trademark Office ("PTO") database, Albermarle's correspondence address is 600 Peachtree Street, N.E., Suite 5200, Atlanta, Georgia, which is the address for Albermarle's attorneys, Troutman Sanders LLP.

14. In June 2002, shortly after filing for incorporation in the State of Delaware, Albermarle filed approximately 45 intent-to-use applications with the PTO for various word and design trademarks using the words "Crownmark" and "Crownsource" and/or using a "Crown" symbol (Albermarle's "U.S. CROWN-related marks"). Five of these applications identified products in International Class 21, including plastic food containers, lids and/or closures, *i.e.*, the same types of packaging products to which the famous and distinctive CROWN™ marks apply.

15. To date, approximately 17 of the 45 applications filed by Albermarle with the PTO for U.S. CROWN-related marks have been abandoned by Albermarle.

16. However, with regard to Albermarle's remaining applications for U.S. CROWN-related trademarks, including three applications which pertain to food

packaging products such as containers, lids and closures,[2] Albermarle has filed a series of requests for extensions of time for filing a Statement of Use with the PTO, as recently as August 2005.

17.    In filing its requests for extensions of its applications for U.S. CROWN-related marks, Albermarle represented to the PTO that Albermarle was engaged in research and development in preparation for using the CROWN-related marks in conjunction with the various products described in its applications.

18.    Albermarle has continued to file for extensions of its applications to use CROWN-related marks with regard to packaging products similar to those to which the famous and distinctive CROWN™ apply, despite specific knowledge that Albermarle has no right to register the CROWN-related marks in conjunction with such packaging products.

19.    In addition to its applications for U.S. CROWN-related marks, Albermarle has, through foreign agents, also applied for foreign trademarks using the words "Crownmark" and "Crownsource" and/or the "Crown" symbol in various foreign countries, including Canada, France, Italy and the U.K., as well as in the European Union (collectively, Albermarle's "foreign CROWN-related marks").

20.    The applications for Albermarle's foreign CROWN-related marks have identified a variety of packaging products, many classified in International Class 21, such as plastic food containers, lids and closures.

---

[2]    Application Nos. 78/137,221, 78/137,219, and 78/135,972.

21.    Upon information and belief, Albermarle has made other filings for CROWN-related trademarks in other foreign countries. However, the necessity of having to search through records on a country-by-country basis, with the assistance of local agents, in most foreign countries outside of Europe, Canada and Japan, makes it extremely difficult, if not impossible, to identify all of these foreign filings without the cooperation of Albermarle.

22.    However, despite requests from Crown, Albermarle has refused to disclose any of its foreign filings for CROWN-related marks.

### Crown's Efforts to Stop Albermarle's Infringement of Crown's CROWN™ Trademarks

23.    In or about October 2003, Crown became aware that Albermarle had filed numerous applications for U.S. and foreign CROWN-related marks. Crown immediately acted to inform Albermarle that Albermarle was infringing on Crown's own CROWN™ name and design marks

24.    Due to obvious similarities between the CROWN™ name and design marks owned by Crown and Albermarle's U.S. and foreign CROWN-related marks, and particularly because many of Albermarle's applications described products similar to those products to which Crown's CROWN™ marks apply, such as plastic food containers, lids and/or closures, Crown contacted Albermarle in November 2003 and requested, *inter alia*, that Albermarle fully disclose to Crown its foreign CROWN-related marks and that Albermarle delete references to "food containers, lids and closures" from all of its CROWN-related trademark applications, both in the United States and abroad.

25.    Initially, Albermarle, through its attorneys, responded in November 2003 to Crown's request and agreed that Albermarle would delete the phrase, "food containers, lids and closures" from its trademark applications in the United States. To date, however, this has not occurred, despite repeated requests from Crown's attorneys to Albermarle's attorneys.

26.    In addition, Albermarle refused to provide any information about its foreign CROWN-related trademark filings in response to Crown's requests.

27.    Throughout 2004, Crown repeatedly communicated with Albermarle, through their respective attorneys, and reiterated Crown's requests, *inter alia*, that Albermarle delete the phrase, "food containers, lids and closures" from its trademark applications in the United States, and to identify Albermarle's foreign CROWN-related applications and registrations. Crown's requests were finally and officially refused by Albermarle in September 2004.

28.    Albermarle's refusal to delete the phrase, "food containers, lids and closures" from its trademark applications in the United States, and refusal to identify Albermarle's foreign CROWN-related applications and registrations demonstrates that Albermarle is intentionally and deceptively attempting to promote its own business interests in a manner likely to create confusion and misunderstanding among consumers familiar with Crown's well-established CROWN™ marks.

29.    On February 25, 2004, Crown filed an opposition in the PTO to Albermarle's trademark application No. 78/137,191 for the mark "Crownmark" and a "Crown" design. On September 29, 2004, the Trademark Trial and Appeal Board issued

a default against Albermarle after Albermarle failed to answer Crown's complaint, and terminated Albermarle's application No. 78/137,191.

30.    On September 24, 2004, Crown filed an opposition to Albermarle's trademark application No. 78/137,195 for a "Crown" design mark. On February 3, 2005 the Trademark Trial and Appeal Board sustained Crown's opposition and refused Albermarle's application No. 78/137,195.

31.    Crown also filed an opposition with the Office for Harmonization in the Internal Market ("OHIM") against Abermarle's Community Trademark application for the mark "Crownmark." (Community Trademarks, which are registered by the OHIM, give the registrant a uniform trademark right valid in all member states of the European Union). Crown's opposition to this application resulted in the deletion of goods in International Class 20 from Albermarle's application.

## COUNT I – VIOLATION OF DELAWARE'S DECEPTIVE TRADE PRACTICES ACT, 6 DEL. CODE §2531, et. seq.

32.    Plaintiff incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33.    Albermarle's application and registration of CROWN-related marks in the United States and in foreign countries is likely to cause confusion and misunderstanding among consumers familiar with the CROWN™ marks owned by Crown because of the similarity between Albermarle's CROWN-related marks and Crown's well-established CROWN™ name and design trademarks.

34.    By applying for, preparing to use and/or using CROWN-related name and design marks which are substantially similar to those CROWN™ name and design marks used by Crown, and even after being explicitly informed that Albermarle's proposed marks infringe upon Crown's famous and distinctive CROWN™ marks, Albermarle is attempting to promote its own business interests in a manner likely to create confusion and misunderstanding among consumers familiar with Crown's well-established CROWN™ marks.

35.    Albermarle has engaged in deceptive trade practices within the meaning of Delaware's Uniform Deceptive Trade Practices Act, 6 Del. Code §2531 et. seq. (the "DTPA").

36.    Crown is entitled to injunctive relief against Albermarle pursuant to Section 2533(a) of the DTPA in order to prevent further confusion and misunderstanding among consumers familiar with Crown's well-established CROWN™ marks.

WHEREFORE, Crown respectfully requests that this Court:

(a) grant an injunction enjoining Albermarle, its agents and employees and all those subject to its control, from using any CROWN-related mark in connection with products similar to those manufactured and sold by Crown, and ordering Albermarle to withdraw its U.S. trademark applications and registrations for such CROWN-related marks;

(b) direct Albermarle to provide an accounting of all of Albermarle's trademark applications and registrations of CROWN-related marks in foreign countries;

(c) treble the amount of damages awarded pursuant to Crown's common law claims, as stated herein, pursuant to §2533(c) of the DTPA;

(d) award reasonable attorney fees pursuant to §2533(b) of the DTPA; and

(e) grant such other relief as the Court finds just and proper under the circumstances.

## COUNT II – DILUTION UNDER THE
## DELAWARE TRADEMARK ACT, 6 DEL. CODE § 3313

37.     Plaintiff incorporates by reference preceding paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.     The CROWN™ marks are famous within the United States and worldwide due to the long and exclusive use of these marks in the United States and throughout the world in connection with the manufacture and sale of packaging products, the distinctive nature of the CROWN™ marks, and all of the relevant facts and circumstances described herein. Upon information and belief, the CROWN™ marks became famous long prior to any adoption and/or use by Albermarle of its CROWN-related marks.

39.     Due to the likelihood of dilution of the distinctive quality of Crown's CROWN™ name and design marks by Albermarle's intentional and deceptive use and/or threatened use of its CROWN-related marks, which are similar to the CROWN™ name and design marks, Crown is entitled to injunctive relief pursuant to 6 Del. Code §3313.

WHEREFORE, Crown respectfully requests that this Court:

(a) grant an injunction enjoining Albermarle, its agents and employees and all those subject to its control, from using any CROWN-related mark in connection with

products similar to those manufactured and sold by Crown, and ordering Albermarle to withdraw its U.S. trademark applications and registrations for such CROWN-related marks;

(b) direct Albermarle to provide an accounting of all of Albermarle's trademark applications and registrations of CROWN-related marks in foreign countries; and

(c) grant such other relief as the Court finds just and proper under the circumstances.

## COUNT III – INJUNCTIVE RELIEF AGAINST COUNTERFEITED TRADEMARKS UNDER THE DELAWARE TRADEMARK ACT, 6 DEL. CODE § 3314

40.     Plaintiff incorporates by reference preceding paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.     Albermarle's CROWN-related marks represent "forged or counterfeited" trademarks within the meaning of section 3314(b) of the Delaware Trademark Act, 6 Del Code §3314(b).

42.     Upon information and belief, plaintiff will be able to demonstrate, after a reasonable opportunity for further investigation and discovery, that Albermarle is using its CROWN-related marks in connection with the manufacture, use, display and/or sale of packaging products in those markets where Crown offers its products under its registered CROWN® marks.

WHEREFORE, Crown respectfully requests that this Court, pursuant to 6 Del Code §3314(e):

(a) grant an injunction enjoining Albermarle, its agents and employees and all those subject to its control, from using any CROWN-related mark in connection with products similar to those manufactured and sold by Crown, and ordering Albermarle to withdraw its U.S. trademark applications and registrations for such CROWN-related marks;

(b) order the destruction of all counterfeit trademarks and all goods, articles or other matter bearing the counterfeit trademarks;

(c) direct Albermarle to provide an accounting of all of Albermarle's trademark applications and registrations of CROWN-related marks in foreign countries; and

(d) grant such other relief as the Court finds just and proper under the circumstances.

## COUNT IV – TRADEMARK INFRINGEMENT
## UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C. §1114

43.    Plaintiff incorporates by reference preceding paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.    As a federal registrant of its various CROWN® trademarks, Crown is entitled to the exclusive use of those marks in U.S. commerce in connection with the products identified in its registrations. Albermarle's use of its CROWN-related marks in interstate commerce on similar products, namely, containers, lids and closures, would likely cause confusion, deception or mistake as to the source of such products.

45.    Upon information and belief, plaintiff will be able to demonstrate, after a reasonable opportunity for further investigation and discovery, that Albermarle is using its CROWN-related marks in interstate commerce in connection with the marketing and

sale of packaging products in a manner that is likely to cause confusion, deception or mistake as to the source of the products.

46.    Upon information and belief, plaintiff will be able to demonstrate, after a reasonable opportunity for further investigation and discovery, that Albermarle's use of its CROWN-related marks began long after Crown's CROWN® marks had become famous.

47.    Upon information and belief, plaintiff will be able to demonstrate, after a reasonable opportunity for further investigation and discovery, that at the time that Albermarle began to use its CROWN-related marks in connection with the advertisement, promotion and sale of its products, it had been explicitly informed and was aware that Crown was the federal registrant of the CROWN® trademarks and that Crown had the exclusive right to use those marks in connection with the sale and marketing of similar products.    Notwithstanding this knowledge and awareness, Albermarle intentionally moved forward with a scheme to use its CROWN-related marks in a manner confusingly similar to Crown's use of the CROWN® marks.

WHEREFORE, pursuant to sections 32 of the Lanham Act, 15 U.S.C. §1114, Plaintiff respectfully requests that this Court:

(a) grant an injunction enjoining Albermarle, its agents and employees and all those subject to its control, from using any CROWN-related mark in connection with products similar to those manufactured and sold by Crown, and ordering Albermarle to withdraw its U.S. trademark applications and registrations for such CROWN-related marks;

(b) direct Albermarle to provide an accounting of all of Albermarle's trademark applications and registrations of CROWN-related marks in foreign countries;

(c) assess the damages incurred by Crown due to Albermarle's infringement of Crown's federally registered CROWN® marks and treble such damages;

(d) award Crown its costs, including reasonable attorney fees, for bringing this action; and

(e) grant such other relief as the Court finds just and proper under the circumstances.

## COUNT V – DILUTION UNDER SECTION 45 OF THE LANHAM ACT, 15 U.S.C. §1125

48.    Plaintiff incorporates by reference preceding paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.    The CROWN® marks are famous within the meaning of Section 43(c) of the Federal Trademark Act, 15 U.S.C. §1125(c), as amended, due to the long and exclusive use of these marks in the United States and worldwide in connection with the manufacture and sale of packaging products, the distinctive nature of the CROWN® marks, and in view of all the relevant facts and circumstances described herein. Upon information and belief, the CROWN® marks became famous long prior to Albermarle's adoption and use of its CROWN-related marks.

50.    Upon information and belief, plaintiff will be able to demonstrate, after a reasonable opportunity for further investigation and discovery, that Albermarle's use of its CROWN-related marks has caused and, unless enjoined, will further cause dilution of

623102_4                                    14

the distinctive quality of Crown's CROWN® marks in that it will prevent the public from associating the CROWN® marks exclusively with Crown as the source of packaging products sold under the CROWN® marks.

51.    Upon information and belief, plaintiff will be able to demonstrate, after a reasonable opportunity for further investigation and discovery, that Albermarle willfully intended to cause dilution of the distinctive quality of Crown's own CROWN® marks by using confusingly similar marks in those markets where Crown offers its products under the CROWN® marks.

WHEREFORE, pursuant to sections 43 of the Lanham Act, 15 U.S.C. §1125, Plaintiff respectfully requests that this Court:

(a) grant an injunction enjoining Albermarle, its agents and employees and all those subject to its control, from using any CROWN-related mark in connection with products similar to those manufactured and sold by Crown, and ordering Albermarle to withdraw its U.S. trademark applications and registrations for such CROWN-related marks;

(b) direct Albermarle to provide an accounting of all of Albermarle's trademark applications and registrations of CROWN-related marks in foreign countries;

(c) assess the damages incurred by Crown due to Albermarle's infringement of Crown's federally registered CROWN® marks and treble such damages;

(d) award Crown its costs, including reasonable attorney fees, for bringing this action; and

(e) grant such other relief as the Court finds just and proper under the circumstances.

## COUNT VI – COMMON LAW TRADEMARK INFRINGEMENT

52.     Plaintiff incorporates by reference paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.     As heretofore described, through long-established and wide-spread use, the CROWN™ name and design marks in the packaging industry have acquired special significance in the United States and throughout the world and are therefore entitled to protection from use by others.

54.     By applying for, preparing to use and/or using CROWN-related name and design marks which are substantially similar to those CROWN™ name and design marks used by Crown, and even after being explicitly informed that Albermarle's proposed marks infringe upon Crown's famous and distinctive CROWN™ name and design marks, Albermarle is willfully and deceptively attempting to promote its own business interests in a manner reasonably calculated to create confusion and misunderstanding among consumers familiar with Crown's well-established CROWN™ marks.

55.     Albermarle's intentional and deceptive use and/or threatened use of its CROWN-related marks, which are similar to the CROWN™ name and design marks, is likely to cause and has caused confusion among consumers familiar with Crown's well-established CROWN™ marks.

56.    Albermarle's use and/or threatened use of its CROWN-related marks is likely to divert and/or has diverted business from Crown by falsely representing Albermarle's products as Crown's products.

57.    If Crown's CROWN™ trademarks are not protected by the Court, instances of consumer confusion and diversion of Crown's business will continue, to the detriment and harm of Crown

WHEREFORE, Crown respectfully requests that this Court:

(a) grant an injunction enjoining Albermarle, its agents and employees and all those subject to its control, from using any CROWN-related mark in connection with products similar to those manufactured and sold by Crown, and ordering Albermarle to withdraw its U.S. trademark applications and registrations for such CROWN-related marks;

(b) direct Albermarle to provide an accounting of all of Albermarle's trademark applications and registrations of CROWN-related marks in foreign countries;

(c) assess the damages incurred by Crown due to the infringement of Albermarle of Crown's well-established CROWN™ marks;

(d) award Crown its costs, including reasonable attorney fees, for bringing this action; and

(e) grant such other relief as the Court finds just and proper under the circumstances.

## COUNT VII – UNFAIR COMPETITION

58.    Plaintiff incorporates by reference paragraphs 1 through 57 of this Complaint as if fully set forth herein

59.    Crown has a reasonable expectation of continuing to do business with consumers of CROWN™ packaging products, in the United States and throughout the world, who are familiar with Crown's well-established CROWN™ marks.

60.    By Albermarle's applying for, preparing to use and/or using CROWN-related name and design marks which are substantially similar to the CROWN™ marks used by Crown, and even after being explicitly informed that Albermarle's proposed marks infringe upon Crown's famous and distinctive CROWN™ name and design marks, Albermarle is willfully and deceptively attempting to promote its own business interests in a manner reasonably calculated to deceive the average consumer and to cause confusion and misunderstanding among consumers of Crown's packaging products familiar with Crown's well-established CROWN™ marks.

61.    By Albermarle's applying for, preparing to use and/or using CROWN-related name and design marks which are substantially similar to Crown's own CROWN™ marks, and even after being explicitly informed that Albermarle's proposed marks infringe upon Crown's famous and distinctive CROWN™ name and design marks, Albermarle is engaging in unfair competition with Crown by intentionally interfering with Crown's reasonable business expectations.

62.    Albermarle's intentional and deceptive actions in engaging in unfair competition with Crown are without privilege or justification.

623102_4                                    18

63.    As a result of Albermarle's false and/or misleading representations, and its intentional and deceptive actions, Crown has suffered damages, including, but not limited to, expenses incurred in identifying and responding to Albermarle's applications for and registrations of CROWN-related marks in the United States and in foreign countries, and in opposing Albermarle's trademark applications.

WHEREFORE, Crown respectfully requests that this Court:

(a) grant an injunction enjoining Albermarle, its agents and employees and all those subject to its control, from using any CROWN-related mark in connection with products similar to those manufactured and sold by Crown, and ordering Albermarle to withdraw its U.S. trademark applications and registrations for such CROWN-related marks;

(b) direct Albermarle to provide an accounting of all of Albermarle's trademark applications and registrations of CROWN-related marks in foreign countries;

(c) assess the damages incurred by Crown due to the infringement of Albermarle of Crown's well-established CROWN™ marks;

(d) award Crown its costs, including reasonable attorney fees, for bringing this action; and

(e) grant such other relief as the Court finds just and proper under the circumstances.

## COUNT VIII – SLANDER OF TITLE

64.    Plaintiff incorporates by reference paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65.    In Albermarle's numerous applications for CROWN-related name and design marks to the PTO, Albermarle has published false and misleading statements concerning its title to CROWN-related name and design marks and about Albermarle's bona fide intent to use those marks.

66.    Albermarle also has published false and misleading statements to the PTO concerning its title to the CROWN™ name and design and its bona fide intent to use the marks in Albermarle's requests for extensions of its applications for CROWN-related trademarks.

67.    Albermarle's false and misleading statements to the PTO were made intentionally and with malice.

68.    Albermarle's false and misleading statements to the PTO were made without privilege or justification.

69.    As a result of Albermarle's false and/or misleading representations, and its intentional and deceptive actions, Crown has suffered damages, including, but not limited to, expenses incurred in identifying and responding to Albermarle's applications for and registrations of CROWN-related marks in the United States and in foreign countries, and in opposing Albermarle's trademark applications.

WHEREFORE, Crown respectfully requests that this Court:

(a) grant an injunction enjoining Albermarle, its agents and employees and all those subject to its control, from using any CROWN-related mark in connection with products similar to those manufactured and sold by Crown, and ordering Albermarle to

623102_4                                    20

withdraw its U.S. trademark applications and registrations for such CROWN-related marks;

(b) direct Albermarle to provide an accounting of all of Albermarle's trademark applications and registrations of CROWN-related marks in foreign countries;

(c) assess the damages incurred by Crown due to the infringement of Albermarle of Crown's well-established CROWN™ marks, and treble such damages;

(d) award Crown its costs, including reasonable attorney fees, for bringing this action; and

(e) grant such other relief as the Court finds just and proper under the circumstances.


Respectfully submitted,


___/s/ Peter C. Hughes_____
Peter C. Hughes, Esq.
**Of Counsel:**                                  Delaware ID. No. 4180
                                                 **DILWORTH PAXSON LLP**
Thomas S. Biemer, Esq.                           First Federal Plaza
Steven B. Goodman, Esq.                          Suite 500
**DILWORTH PAXSON LLP**                          Wilmington, DE 19801
3200 Mellon Bank Center                          Tel: 302-571-9800
1735 Market Street                               Fax: 302-571-8875
Philadelphia, PA 19103
Tel: 215-575-7000                                Attorneys for Plaintiff Crown Packaging
                                                 Technology, Inc.
Michael Korniczky, Esq.
One Crown Way
Philadelphia, PA 19154-4599
Tel: 215-552-3783

## VERIFICATION

I, Daniel A. Abramowicz, _President_ of Crown Packaging Technology, Inc. depose and state that I am authorized to give this Verification on behalf of plaintiff Crown Packaging Technology, Inc., that I have read the foregoing Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information and belief.

_(signature)_

6/25102_4

EFiled: Nov 11 2005 1:35PM EST
Transaction ID 7416031

# Exhibit " A"

## EXHIBIT "A"

**Crown Packaging Technology, Inc. Trademark Registrations
And Applications That Include The "Crown" Word Or Design**

| Mark | U.S. Reg/Serial No. |
|------|---------------------|
| CROWN CORK | 2993675 |
| CROWN | 2993674 |
| CROWN HOLDINGS, INC. | SN 76503976 |
| CROWN | 822336 |
| CROWN | 343530 |
| Design | 776307 |
| Design | 774318 |

EFiled: Nov 11 2005  1:35PM EST
Transaction ID 7416031

SUPPLEMENTAL INFORMATION PURSUANT TO RULE 3 (A)
OF THE RULES OF THE COURT OF CHANCERY

The information contained herein is for the use by the Court for statistical and administrative purposes only. Nothing stated herein shall be deemed an admission by or binding upon any party.

1.      Caption of Case:

        Crown Packaging Technology, Inc. v. Albermarle Corp.

2.      Date Filed:      November 11, 2005

3.      Name and address of counsel for plaintiff:

        Peter C. Hughes, Esquire (Delaware Atty. ID No. 4180)
        Dilworth Paxson LLP
        First Federal Plaza
        Suite 500
        Wilmington, DE 19801

4.      Short statement and nature of claim asserted:

        Action to prevent trademark infringement and unfair competition by Defendant.

5.      Substantive filed of law involved (check one) :

|  | Administrative law |  | X | Trade secrets / trade mark / |
|---|---|---|---|---|
|  | Commercial law |  |  | or other intellectual |
|  | Constitutional law |  |  | property |
|  | Corporation law |  |  | Trusts |
|  | Guardianships |  |  | Wills and estates |
|  | Labor law |  |  | Zoning |
|  | Real property |  |  | Other |

6.      Related case (s) :

        N/A.

7.      Basis of court's jurisdiction (including the citation of any statute conferring jurisdiction) :

        10 Del. Code § 341; 6 Del. Code. Ann. § 3314.

8.      If the complaint seeks preliminary equitable relief, state the specific preliminary relief sought:

        N/A.

9.      If the complaint seeks summary or expedited proceedings, check here _____ .

                        /s/ Peter C. Hughes
                        Signature of Attorney of Record

624361_1

EFiled: Nov 16 2005 11:59AM EST
Transaction ID 7445532

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

CROWN PACKAGING
TECHNOLOGY, INC.,

                   **Plaintiff,**

        v.

ALBERMARLE CORP.,

                  **Defendant.**

C.A. No. 1776-N

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff moves this Court for an Order, in the form attached hereto, appointing:

1.    Delaware Attorney Services, Inc. as special process server to serve process upon Defendant Albermarle Corp., by serving its registered agent: Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

2.    The appointment of the special process server will permit the expeditious service of process.

Respectfully submitted,

Peter C. Hughes, Esq.
Delaware ID. No. 4180
**DILWORTH PAXSON LLP**
First Federal Plaza
Suite 500
Wilmington, DE 19801
Tel: 302-571-9800
Fax: 302-571-8875

**Of Counsel:**

Thomas S. Biemer, Esq.
Steven B. Goodman, Esq.
**DILWORTH PAXSON LLP**
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
Tel: 215-575-7000

Michael Korniczky, Esq.
One Crown Way
Philadelphia, PA 19154-4599
Tel: 215-552-3783

Attorneys for Plaintiff Crown Packaging
Technology, Inc.

625636_1

EFiled: Nov 16 2005 11:59AM EST
Transaction ID 7445532

### IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
### IN AND FOR NEW CASTLE COUNTY

CROWN PACKAGING
TECHNOLOGY, INC.,

                    **Plaintiff,**

        v.

ALBERMARLE CORP.,

                  **Defendant.**

C.A. No. 1776-N

## ORDER

Plaintiff having moved for an Order appointing special process server, and the Court having considered Plaintiff's Motion, IT IS HEREBY ORDERED this _____ day of _____, 2005, as follows:

    1.    That Delaware Attorney Services, Inc. is appointed as special process server to serve process upon Defendant Albermarle Corp., by serving its registered agent: Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

    2.    A copy of this Order shall be served together with a copy of the Summons and the Complaint.

_____

EFiled: Nov 16 2005 11:59AM EST
Transaction ID 7445532

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| **CROWN PACKAGING TECHNOLOGY, INC.,** | : | |
| Plaintiff, | : | |
| v. | : | |
| **ALBERMARLE CORP.,** | : | C.A. No. 1776-N |
| Defendant. | : | |

**NOTICE OF MOTION**

To:  Register in Chancery
     500 N. King Street
     The New Castle County Courthouse
     Wilmington, DE 19801-3735

     PLEASE TAKE NOTICE that Plaintiff will present the following Motion for Special

Process Server at the Court's convenience.

Respectfully submitted,

Peter C. Hughes, Esq.
Delaware ID. No. 4180
**DILWORTH PAXSON LLP**
First Federal Plaza
Suite 500
Wilmington, DE 19801
Tel: 302-571-9800
Fax: 302-571-8875

**Of Counsel:**

Thomas S. Biemer, Esq.
Steven B. Goodman, Esq.
**DILWORTH PAXSON LLP**
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
Tel: 215-575-7000

Michael Korniczky, Esq.
One Crown Way
Philadelphia, PA 19154-4599
Tel: 215-552-3783

Attorneys for Plaintiff Crown Packaging
Technology, Inc.

625636_1

*11/18/05 ISS. Summ. to Spec. Prce. Server (1 copy)*

EFiled: Nov 16 2005 11:59AM EST
Transaction ID 7445532

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

CROWN PACKAGING
TECHNOLOGY, INC.,

                **Plaintiff,**

    v.

ALBERMARLE CORP.,

                **Defendant.**

**C.A. No. 1776-N**

## NOTICE OF MOTION

To:    Register in Chancery
       500 N. King Street
       The New Castle County Courthouse
       Wilmington, DE 19801-3735

       PLEASE TAKE NOTICE that Plaintiff will present the following Motion for Special

Process Server at the Court's convenience.

                      Respectfully submitted,

                      _Peter C. Hughes_

                      Peter C. Hughes, Esq.

**Of Counsel:**

                      Delaware ID. No. 4180
                      **DILWORTH PAXSON LLP**

Thomas S. Biemer, Esq.              First Federal Plaza
Steven B. Goodman, Esq.            Suite 500
**DILWORTH PAXSON LLP**       Wilmington, DE 19801
3200 Mellon Bank Center           Tel: 302-571-9800
1735 Market Street               Fax: 302-571-8875
Philadelphia, PA 19103
Tel: 215-575-7000                Attorneys for Plaintiff Crown Packaging
                      Technology, Inc.

Michael Korniczky, Esq.
One Crown Way
Philadelphia, PA 19154-4599
Tel: 215-552-3783

625656_1

EFiled: Nov 16 2005 11:59AM EST
Transaction ID 7445532

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., | |
| Plaintiff, | |
| v. | |
| | C.A. No. 1776-N |
| ALBERMARLE CORP., | |
| Defendant. | |

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff moves this Court for an Order, in the form attached hereto, appointing:

1.    Delaware Attorney Services, Inc. as special process server to serve process upon Defendant Albermarle Corp., by serving its registered agent: Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

2.    The appointment of the special process server will permit the expeditious service of process.

Respectfully submitted,

Peter C. Hughes, Esq.
Delaware ID. No. 4180
**DILWORTH PAXSON LLP**
First Federal Plaza
Suite 500
Wilmington, DE 19801
Tel: 302-571-9800
Fax: 302-571-8875

**Of Counsel:**

Thomas S. Biemer, Esq.
Steven B. Goodman, Esq.
**DILWORTH PAXSON LLP**
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
Tel: 215-575-7000

Michael Korniczky, Esq.
One Crown Way
Philadelphia, PA 19154-4599
Tel: 215-552-3783

Attorneys for Plaintiff Crown Packaging Technology, Inc.

625636_1

EFiled: Nov 16 2005 11:59AM EST
Transaction ID 7445532

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

CROWN PACKAGING
TECHNOLOGY, INC.,

               Plaintiff,

      v.

ALBERMARLE CORP.,

               Defendant.

C.A. No. 1776-N

## ORDER

Plaintiff having moved for an Order appointing special process server, and the Court having considered Plaintiff's Motion, IT IS HEREBY ORDERED this _17_ day of _November_, 2005, as follows:

1.    That Delaware Attorney Services, Inc. is appointed as special process server to serve process upon Defendant Albermarle Corp., by serving its registered agent: Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

2.    A copy of this Order shall be served together with a copy of the Summons and the Complaint.

_Sam Glasscock_

Master

625636_1



# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

CROWN PACKAGING
TECHNOLOGY, INC.
      Plaintiff(s)
         V
ALBERMARLE CORP.
      Defendant(s)

}

CA #:  1776-N

SUMMONS

THE STATE OF DELAWARE
TO:   SPECIAL PROCESS SERVER

## YOU ARE COMMANDED:

     To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon Peter C. Hughes, Esq., Plaintiff's attorney whose address is First Federal Plaza, Suite 500, Wilmington, DE 19801 an answer to the complaint.

     To serve upon defendants a copy hereof and of the complaint.

## TO THE ABOVE NAMED DEFENDANTS:

     In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated November 18, 2005

                                   Register in Chancery

Case # <u>1776-N</u>

CROWN PACKAGING
TECHNOLOGY, INC.
Plaintiff(s)
V
ALBERMARLE CORP.
Defendant(s)

## SUMMONS

Please effectuate service upon:

Albermarle Corp.

BY SPECIAL PROCESS SERVER

Plaintiff's Attorney:  <u>Peter C. Hughes, Esq.</u>



## GRANTED

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

CROWN PACKAGING                )
TECHNOLOGY, INC.,              )
                               )
            Plaintiff,         )
                               )        C.A. No. 1776-N
      v.                       )
                               )
ALBERMARLE CORP.,             )
                               )
            Defendant.         )

### STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the

parties, subject to the approval of the Court, that the time within which defendant shall move,

answer or otherwise plead in response to the Complaint is extended to and includes January 4,

2006.

DILWORTH PAXSON LLP                          MORRIS, NICHOLS, ARSHT & TUNNELL

_____              _____
Peter C. Hughes (#4180)                      Thomas C. Grimm (#1098)
First Federal Plaza                          1201 N. Market Street
Suite 500                                    P.O. Box 1347
Wilmington, DE  19801                        Wilmington, DE  19899-1347
(302) 571-9800                               (302) 658-9200
*Attorneys for Plaintiff*                    *Attorneys for Defendant*

SO ORDERED this ____ day of December, 2005.

_____
Vice Chancellor

497608

LIB01-497608-v1-Albermarle CrownPackaging StipOrder (4)

Court: DE Court of Chancery

Judge: Parsons, Donald F

File & Serve reviewed Transaction ID: 7655742

Current date: 12/15/2005

Case number: 1776-N

Case name: Crown Packaging Technology Inc vs Albermarle Corp


/s/ Judge Donald F Parsons Jr