IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC. )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALBERMARLE CORPORATION )<br>)<br>Defendant. ) | Civil Action No. 05-892-JJF |

## ANSWER AND DEFENSES

Albermarle Corporation ("Albermarle") answers the complaint of Plaintiff Crown Packaging Technology, Inc. ("Crown") as follows:

1. For answer to paragraph 1, Albermarle admits that the Complaint purports to state a claim for trademark infringement, unfair competition and related claims brought by Crown against Albermarle and that Crown seeks injunctive and compensatory damages; but Albermarle denies that it has committed any wrongdoing, that Crown has stated a claim for which relief can be granted, and that Crown is entitled to injunctive or compensatory damages. Albermarle denies the remaining allegations in paragraph 1.

2. Albermarle is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies same.

3. For answer to paragraph 3 of the Complaint, Albermarle admits it is incorporated under the laws of the State of Delaware, but denies the remaining allegations in paragraph 3.

500327

  4. For answer to paragraph 4, Albermarle admits that Exhibit A purports to be a list of trademark registrations and applications that include the CROWN word or design mark and that said registrations and applications speak for themselves. Albermarle denies the allegations of footnote 1 to paragraph 4. Albermarle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and therefore denies same.

  5. Albermarle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies same.

  6. Albermarle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies same.

  7. Albermarle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies same. Notwithstanding the foregoing, the CROWN$^{TM}$ trademark applications and registrations speak for themselves.

  8. Albermarle denies Crown has superior rights in and to the designation "Crown" in the United States. Albermarle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8, and therefore denies same.

  9. Albermarle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies same.

  10. Albermarle denies that the CROWN$^{TM}$ name and design marks have acquired specific and special significance. Albermarle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore denies same.

11.   Albermarle denies the allegations in paragraph 11 of the Complaint.

12.   Albermarle admits paragraph 12 of the Complaint.

13.   For answer to paragraph 13, Albermarle admits that, with respect to certain trademark applications filed by attorneys with the law firm, Troutman Sanders LLP, the address provided to the PTO for correspondence related to said trademark applications is 600 Peachtree Street, N.E., Suite 5200, Atlanta Georgia, which is the address for Troutman Sanders LLP in Atlanta, Georgia.  Albermarle further states that information in the PTO database speaks for itself.

14.   For answer to paragraph 14, Albermarle admits that in June 2002, after Albermarle filed for incorporation in the State of Delaware, Albemarle filed approximately 45 intent to use applications with the PTO for word and design trademarks incorporating "Crownmark," " Crownsource," and/or a design element; said intent to use applications speak for themselves.  Albermarle further admits that five of its U.S. applications to register marks identify, among other things, food containers, lids and/or closures as goods on which Albermarle intends to use the marks. Albermarle denies that the CROWN[TM] marks are famous and distinctive, denies that the goods for which it intends to use its marks are the same type products as those with which Crown purports to use its marks, and denies the remaining allegations in paragraph 14.

15.   Albermarle admits paragraph 15 of the Complaint.

16.   For answer to paragraph 16, Albermarle admits that it has exercised its right to file extensions of time to submit a statement of use for certain of its U.S. applications for which

500327

the PTO has issued a Notice of Allowance, the most recent extension being filed in August 2005. Application Nos. 78/137,221, 78/13, 219, and 78/135,972 speak for themselves.

17. For answer to paragraph 17, Albermarle admits that it has filed extensions of time to submit a statement of use to the PTO for certain of its U.S. applications and in doing so, stated: "[t]he applicant has made the following ongoing efforts to use the mark in commerce on or in connection with each of those goods and/or services covered by the extension request: product or service research development."

18. For answer to paragraph 18, Albermarle admits that it has exercised its right to file extensions of time to submit a statement of use for certain of its U.S. applications, but denies the remaining allegations in paragraph 18.

19. For answer to paragraph 19, Albermarle admits that it has filed applications to register certain CROWNMARK and CROWNSOURCE marks in countries other than the United States, including Canada, France, Italy, the United Kingdom and in the European Union.

20. For answer to paragraph 20, Albermarle admits that it has filed certain foreign applications to register marks for use in connection with food containers, lids, and closures, among other things. The foreign applications speak for themselves.

21. For answer to paragraph 21, Albermarle admits that it has made filings to register certain CROWNMARK and CROWNSOURCE trademarks in countries outside the United States in addition to those countries listed in paragraph 19 of the Complaint. Albermarle denies the remaining allegations in paragraph 21 of the Complaint.

500327

22. For answer to paragraph 22, Albermarle admits it has not disclosed to Crown information about its foreign applications to register marks, but denies that Albermarle has any duty to disclose such information.

23. For answer to paragraph 23, Albermarle admits that Crown contacted Albermarle's outside counsel and alleged that Albermarle was infringing Crown's CROWN™ name and design marks. Albermarle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23, and therefore denies same.

24. For answer to paragraph 24, Albermarle admits that at some point, Crown contacted Albermarle's outside counsel and requested that Albermarle disclose to Crown information about its foreign applications. Albermarle denies that there are obvious similarities between Crown's marks and the marks that Albermarle has applied to register and denies that Albermarle's described goods are similar to those offered by Crown. Albermarle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24, and therefore denies same.

25. Albermarle denies the allegations in paragraph 25.

26. For answer to paragraph 26, Albermarle admits that it would not provide to Crown information about its foreign application filings, but denies that Albermarle has a duty to disclose any such information.

27. Albermarle denies the allegations in paragraph 27 of the Complaint.

28. Albermarle denies the allegations in paragraph 28 of the Complaint.

29. Albermarle admits paragraph 29 of the Complaint.

30. Albermarle admits paragraph 30 of the Complaint.

500327

31. Albermarle admits paragraph 31 of the Complaint.

### RESPONDING TO COUNT I- VIOLATION OF DELAWARE'S DECEPTIVE TRADE PRACTICE ACT, 6 DEL. CODE §2531, et.seq.

32. Albermarle incorporates by reference its response to paragraph 1 through 31 as if fully set forth herein.

33. Albermarle denies the allegations in paragraph 33 of the Complaint.

34. Albermarle denies the allegations in paragraph 34 of the Complaint.

35. Albermarle denies the allegations in paragraph 35 of the Complaint.

36. Albermarle denies the allegations in paragraph 36 of the Complaint.

*Crown's Prayer for Relief for Count I*

Albermarle denies that Crown is entitled to any of the requested relief.

### RESPONDING TO COUNT II- DILUTION UNDER THE DELAWARE TRADEMARK ACT, 6 DEL. CODE §3313

37. Albermarle incorporates by reference its responses to preceding paragraphs 1 through 36 as if fully set forth herein.

38. Albermarle denies the allegations in paragraph 38 of the Complaint.

39. Albermarle denies the allegations in paragraph 39 of the Complaint.

*Crown's Prayer for Relief for Count II*

Albermarle denies that Crown is entitled to any of the requested relief.

### RESPONDING TO COUNT III- INJUNCTIVE RELIEF AGAINST COUNTERFEITED TRADEMARKS UNDER THE DELAWARE TRADEMARK ACT, 6 DEL. CODE §3314

40. Albermarle incorporates by reference its response to paragraph 1 through 39 as if fully set forth herein.

41. Albermarle denies the allegations in paragraph 41 of the Complaint.

42. Albermarle denies the allegations in paragraph 41 of the Complaint.

*Crown's Prayer for Relief for Count III*

Albermarle denies that Crown is entitled to any of the requested relief.

### RESPONDING TO COUNT IV- TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C. §1114

43. Albermarle incorporates by reference its response to paragraph 1 through 42 as if fully set forth herein.

44. Albermarle denies the allegations in paragraph 44 of the Complaint.

45. Albermarle denies the allegations in paragraph 45 of the Complaint.

46. Albermarle denies the allegations in paragraph 46 of the Complaint.

47. Albermarle denies the allegations in paragraph 47 of the Complaint.

*Crown's Prayer for Relief for Count IV*

Albermarle denies that Crown is entitled to any of the requested relief.

### RESPONDING TO COUNT V- DILUTION UNDER SECTION 45 OF THE LANHAM ACT, 15 U.S.C. §1125

48. Albermarle incorporates by reference its response to paragraph 1 through 47 as if fully set forth herein.

49. Albermarle denies the allegations in paragraph 49 of the Complaint.

50. Albermarle denies the allegations in paragraph 50 of the Complaint.

51. Albermarle denies the allegations in paragraph 51 of the Complaint.

*Crown's Prayer for Relief for Count VI*

Albermarle denies that Crown is entitled to any of the requested relief.

500327

## RESPONDING TO COUNT VI- COMMON LAW TRADEMARK INFRINGEMENT

52. Albermarle incorporates by reference its response to paragraph 1 through 51 as if fully set forth herein.

53. Albermarle denies the allegations in paragraph 53 of the Complaint.

54. Albermarle denies the allegations in paragraph 54 of the Complaint.

55. Albermarle denies the allegations in paragraph 55 of the Complaint.

56. Albermarle denies the allegations in paragraph 56 of the Complaint.

57. Albermarle denies the allegations in paragraph 57 of the Complaint.

*Crown's Prayer for Relief for Count VI*

Albermarle denies that Crown is entitled to any of the requested relief.

## RESPONDING TO COUNT VII- UNFAIR COMPETITION

58. Albermarle incorporates by reference its response to paragraph 1 through 57 as if fully set forth herein.

59. Albermarle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies same.

60. Albermarle denies the allegations in paragraph 60 of the Complaint.

61. Albermarle denies the allegations in paragraph 61 of the Complaint.

62. Albermarle denies the allegations in paragraph 62 of the Complaint.

63. Albermarle denies the allegations in paragraph 63 of the Complaint.

*Crown's Prayer for Relief for Count VII*

Albermarle denies that Crown is entitled to any of the requested relief.

500327

## RESPONDING TO COUNT VIII- SLANDER OF TITLE

64. Albermarle incorporates by reference its response to paragraph 1 through 63 as if fully set forth herein.

65. Albermarle denies the allegations in paragraph 65 of the Complaint.

66. Albermarle denies the allegations in paragraph 66 of the Complaint.

67. Albermarle denies it made false and misleading statements to the PTO.

68. Albermarle denies it made false and misleading statements to the PTO.

69. Albermarle denies the allegations in paragraph 69 of the Complaint.

*Crown's Prayer for Relief for Count VIII*

Albermarle denies that Crown is entitled to any of the requested relief.

### First Defense

70. The Complaint fails to state a claim on which relief can be granted.

### Second Defense

71. Albermarle is not now using, nor has it ever used, any of the marks that are the subject of the Complaint on or in connection with goods or services in commerce. Accordingly, Crown cannot sustain any of its claims.

### Third Defense

72. Albermarle is not now using, nor has it ever used, any of the marks that are the subject of the Complaint to advertise goods or services. Accordingly, Crown cannot sustain any of its claims.

500327

## Fourth Defense

73.     Albermarle's administrative filing of intent to use applications to register the marks that are the subject of the Complaint does not constitute use of the marks as required for the claims Crown purports to assert.

## Fifth Defense

74.     Albermarle's filing of intent to use applications to register the marks that are the subject of the Complaint is not likely to cause consumer confusion.

## Sixth Defense

75.     Crown's Complaint is an improper attempt to bypass the administrative agency procedures of the United States Patent and Trademark Office ("PTO") and, in effect, to seek a declaratory judgment when there is no case or controversy, since there has been no use of the marks at issue.

## Seventh Defense

76.     This Court has no jurisdiction over Crown's claims respecting Defendant's applications to register marks in foreign countries.

## Eighth Defense

77.     The marks designated in the Complaint as the "Crown™ marks" are not distinctive or famous.

500327

WHEREFORE, Albermarle demands judgment against Plaintiff as follows:

(a) that the Complaint be dismissed with prejudice, that all of Plaintiff's requests for relief be denied and that judgment be entered in favor of Albermarle and against Plaintiff on all claims;

(b) that the Court award Albermarle its costs and disbursements in connection with this lawsuit, including its reasonable attorneys' fees; and

(c) that the Court award Albermarle any further and additional relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Thomas C. Grimm (#1098)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
P.O. box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
TGrimm@mnat.com
JHarris@mnat.com
   *Attorneys for Defendant Albermarle Corporation*

OF COUNSEL

Judith Powell
Kilpatrick Stockton LLP
1100 Peachtree Street Suite 2800
Atlanta, Georgia 30309
(404) 815-6500

January 4, 2006

500327