# DILWORTH PAXSON LLP
LAW OFFICES

DIRECT DIAL NUMBER
215-575-7066

Steven B. Goodman
sgoodman@dilworthlaw.com

January 26, 2006

**VIA ELECTRONIC COURT FILING AND OVERNIGHT MAIL**

Honorable Joseph J. Farnan
United States District Judge
District Court of Delaware
U.S. Courthouse
844 King Street
Wilmington, DE 19801

> Re:  **Crown Packaging Technology v. Albermarle Corp.,**
>       C.A. No. 1:05-CV-892-JJF

Dear Judge Farnan:

    Attached please find a copy of Plaintiff's Proposed Rule 16 Scheduling Order in the above matter which is being filed with the Court today. As you know, the parties were unable to agree on a form of Proposed Order and are therefore submitting separate Proposed Orders for your consideration. I would like to take this opportunity to highlight the differences between the two proposals and the two different approaches to the case and to discovery which they represent.

    The principal difference between the two Orders is the time frame for discovery. The Defendant proposes an expedited discovery track which would curtail and limit Plaintiff's opportunity to obtain reasonable discovery, while Plaintiff proposes what is essentially a "standard" track. For example, Defendant's proposed schedule would cut off document production, interrogatories, etc. by March 1, 2006, only six weeks after the parties' initial disclosures, effectively preventing any follow-up to a first round of discovery. Other differences include the number of interrogatories (Defendant proposes 25; Plaintiff proposes 35; the Local Rules provide for 50), requests for admission (Defendant proposes 25; Plaintiff proposes 35; neither the Federal nor Local Rules impose limits) and depositions (Defendant proposes 6; Plaintiff proposes 10, as provided in the Federal Rules). In addition, Plaintiff suggests that any experts retained by the parties exchange initial reports at the same time, to which both parties may submit responses 15 days later. Also, Defendant proposes that dispositive motions may be filed at any time, which varies the language of the standard Order. Plaintiff, however, does not object to this change.

    The fact is that this is not a simple case suited to an expedited discovery track. To the contrary, the parties' disagreements about the nature of the action and their inability to agree on a proposed schedule suggest that discovery will be contentious, and likely will necessitate a

3200 MELLON BANK CENTER • 1735 MARKET STREET • PHILADELPHIA PA 19103-7595
633557_1            (215) 575-7000 • FAX (215) 575-7200 • www.dilworthlaw.com

CHERRY HILL NJ    HARRISBURG PA    NEPTUNE NJ    NEWTOWN SQUARE PA    WASHINGTON DC    WILMINGTON DE

**Dilworth Paxson LLP**       *Page 2*
To: Honorable Joseph J. Farnan

longer, not a shorter, discovery period. The Plaintiff should be entitled to a full and fair opportunity to engage in discovery to establish its claims and, therefore, respectfully requests that the Court place this case on a standard track for discovery.

Respectfully submitted,

Steven B. Goodman

SBG:tmk

Enclosure

cc: Thomas C. Grimm, Esquire  (via telecopy and first class mail)
     Judith Powell, Esquire  (via telecopy and first class mail)

633557_1