EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALBERMARLE CORP., <br><br> Defendant. | C.A. No. 1:05-cv-892-JJF |

### STATEMENT REQUESTING DISCOVERY IN ACCORDANCE WITH RULE 56(F)

Plaintiff Crown Packaging Technology, Inc. ("Crown) has agreed to withdraw or otherwise consent to the dismissal of its federal Lanham Act claims against Defendant Albermarle Corp. ("Albermarle") and has asked the Court to remand its state law claims against Albermarle to state court. However, in the event that the Court chooses to maintain jurisdiction over the state law claims, Crown requests that the Court permit Crown to conduct certain additional discovery limited to facts essential to justify its opposition to Albermarle's Motion to Dismiss ("Defendant's Motion").[1] Therefore, in accordance with Rule 56(f) of the Federal Rules of Civil Procedure, Crown, through its undersigned attorneys, avers as follows:

1.  In connection with its intent-to-use trademark applications for Crown-related marks, Albermarle has stated in each of its Requests for Extension of Time submitted to the U.S. Patent and Trademark Office, under declarations in accordance with 37 C.F.R. § 2.20 (*i.e.*, that "all statements . . . are true [or] are believed to be true", that Albermarle was "conducting research," "continuing development and conducting research," engaging in "product or service

---

[1] Defendant's Motion appended a Declaration of Emily Kellum Breslin ("Breslin"), thereby effectively converting Defendant's Motion into one for summary judgment. F.R.C.P. 12(b)(6).

638265_2

research development," "conducting further research and development," "conducting further research," and/or "evaluating the mark for potential business activities."

2. Crown believes that discovery relating to the specific nature of the activities described in Albermarle's statements in its Requests for Extension of Time will uncover facts which will support Crown's claims under Delaware state law.

3. Albermarle also has filed numerous trademark applications for Crown-related marks in foreign countries, but has refused to provide Crown with any information concerning its activities in foreign countries with respect to the use of its Crown-related marks.

4. Crown believes that discovery relating to Albermarle's activities in connection with the use of its Crown-related marks associated with goods in foreign countries will uncover facts which will support Crown's claims under Delaware state law.

5. Crown intends to employ interrogatories to identify persons at Albermarle with knowledge of its stated product research, development, and evaluation of the Crown-related marks, and to identify persons at Albermarle with knowledge of its activities relating to the Crown-related marks in foreign countries.

6. Once such persons are identified, Crown intends to conduct depositions of said persons to uncover the specific nature of Albermarle's research, development, and evaluation activities in the United States and its activities in connection with Crown-related marks associated with goods in foreign countries.

7. Crown will also seek the production of documents related to product research, development, and evaluation of the marks, which will also be used to uncover the specific nature

638265_2

of Albermarle's research, development, and evaluation activities; and documents relating to Albermarle's activities in connection with goods in foreign countries.

8. The information obtained through discovery will raise a genuine issue of material fact as to whether Albermarle used and/or infringed upon Crown's trademarks in a manner inconsistent with Delaware state law.

9. Crown has previously attempted to obtain information on the specific nature of Albermarle's activities in connection with its Intent To Use applications and Requests for Extension of Time and the nature of its activities in foreign countries through a series of communications with Albermarle beginning in October 2003, immediately upon becoming aware that Albermarle had filed numerous applications for U.S. and foreign Crown-related marks.

10. Crown was unable to obtain the information requested from Albermarle because Albermarle refused to provide it.

11. Crown has not been dilatory in pursuing discovery because:

   a. Crown's Complaint was filed in November 2005;

   b. Crown anticipated the need for discovery and clearly stated in its Complaint the issues on which discovery is needed;

   c. Crown clearly stated in its Complaint the previous efforts it had made to obtain the requested information;

   d. The only discovery so far conducted was a telephone deposition of Emily Kellum Breslin on March 1, 2006, which was strictly limited by Albermarle to

638265_2

the contents of her affidavit and during which information on Albermarle's research, development, evaluation activities, and activities in foreign countries was not provided;

e. The Court has limited discovery pending resolution of Defendant's Motion;

f. Crown stated in its Complaint that discovery would be necessary and submitted a proposed discovery plan to the Court, which Albermarle opposed;

g. Crown is not requesting discovery solely on the basis of Albermarle's Motion to Dismiss, as evidenced by Crown's statements in its Complaint that discovery would be necessary and its previously-submitted discovery plan; and

h. The requested information is otherwise inaccessible to Crown because of Albermarle's refusal to cooperate.

638265_2

Crown therefore respectfully requests that, if the Court chooses to maintain jurisdiction of Crown's state law claims, the Court should grant a continuance and permit Crown to conduct limited discovery of these facts essential to justify its opposition to Albermarle's Motion.

Respectfully submitted,

Peter C. Hughes, Esq.
Delaware ID. No. 4180
**DILWORTH PAXSON LLP**
One Customs House
Suite 500
704 King Street
P.O. Box 1031
Wilmington, DE 19801
Tel: 302-571-9800
Fax: 302-571-8875

and

_[signature]_
Thomas S. Biemer, Esq.
Steven B. Goodman, Esq.
**DILWORTH PAXSON LLP**
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
Tel: 215-575-7000

Attorneys for Plaintiff Crown Packaging Technology, Inc.

Dated: 3/23/06

638265_2