IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 05-892-JJF ) ) |
| ALBERMARLE CORPORATION, | ) ) ) |
| Defendant. | ) |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

                                                  MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                  Thomas C. Grimm (#1098)
                                                  Jerry C. Harris, Jr. (#4262)
                                                  1201 N. Market Street
                                                  P.O. Box 1347
                                                  Wilmington, Delaware 19899-1347
                                                  (302) 658-9200
                                                  tcgefiling@mnat.com
                                                  jharris@mnat.com

Of Counsel                                    *Attorneys for Defendant Albermarle Corporation*

Judith A. Powell
Kilpatrick Stockton LLP
1100 Peachtree Street Suite 2800
Atlanta, Georgia 30309-4530
(404) 815-6500

April 3, 2006

TABLE OF CONTENTS

TABLE OF CITATIONS ................................................................................................ ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 1

I.    ALBERMARLE'S MOTION TO DISMISS SHOULD BE DECIDED BY THIS COURT. ........................................................................ 1

        A.    CPT's Offer To Voluntarily Withdraw Its Federal Law Claims Does Not Divest This Court of Jurisdiction To Rule on Albermarle's Motion to Dismiss. ............................................................ 2

        B.    This Court Has Discretion to Retain Jurisdiction to Rule On Albermarle's Motion to Dismiss CPT's State Law Claims Even After It Dismisses CPT's Federal Claims. ....................................... 2

II.    COUNTS I – III AND VI – VII REQUIRE THAT ALBERMARLE HAVE USE OF THE PROPOSED MARKS, USE THAT CPT DID NOT ALLEGE AND NOW CONCEDES DOES NOT EXIST. ..................................................................................... 5

III.    CPT'S SLANDER OF TITLE CLAIM MUST BE DISMISSED. ....................... 7

IV.    THIS IS AN EXCEPTIONAL CASE ENTITLING ALBERMARLE TO ATTORNEYS' FEES. ................................................. 8

CONCLUSION ................................................................................................................ 9

# TABLE OF CITATIONS

## CASES

*Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176 (7th Cir. 1993) .................. 4

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988) .......................................... 3, 4

*Draper Communications, Inc. v. Delaware Valley Broadcasters Ltd. Partnership*, 505 A.2d 1283 (Del. Ch. 1985) ................................................................ 5, 6

*Horizon, Inc. v. Delaware County*, 983 F.2d 1277 (3d Cir. 1993) .................................. 3, 4

*Payman v. Lee County Community Hospital*, 338 F. Supp. 2d 679 (4th Cir. 2004) ............................................................................................................................. 2

*Scotch Whisky Ass'n v. Majestic Distilling Co., Inc.*, 958 F.2d 594 (4th Cir. 1992) ............................................................................................................................. 8

*Timm v. The Mead Corp.*, 32 F.3d 272 (7th Cir. 1994) .................................................. 3, 4

## STATUTES

15 U.S.C. § 1117 (a)(3) .................................................................................................. 8

15 U.S.C. § 1127 ............................................................................................................ 5

28 U.S.C. § 1367(a) ....................................................................................................... 1

28 U.S.C. 1441(c) .......................................................................................................... 2

6 Del. Code § 3314(c) .................................................................................................... 7

6 Del. Code § 3314(e) .................................................................................................... 7

6 Del. Code § 3314(g)(1) ............................................................................................... 7

## OTHER AUTHORITIES

S.Rep. No. 1400, 93rd Cong., 2d sess. (Dec. 17, 1974), *reprinted in* 1974 U.S.C.C.A.N. 7132 ........................................................................................................ 8

## INTRODUCTION

Albermarle Corporation's Motion to Dismiss with respect to federal law claims should be granted as unopposed. Moreover, Albermarle Corporation ("Albermarle") respectfully requests that the Court exercise its discretion and retain jurisdiction to dismiss Crown Packaging Technology, Inc.'s ("CPT's") remaining state law claims. Retention of jurisdiction is especially appropriate in this case, where the state law claims are fully briefed and ripe for decision and where they fail for the same reason the federal claims fail. Indeed, CPT finally has acknowledged that Albermarle never used the Proposed Marks in connection with any product or service. As Albermarle demonstrated in its opening brief and further demonstrates herein, use is an essential element to the state claims asserted in Counts I-III and VI – VII of the complaint. Thus, retaining jurisdiction to dismiss this action in its entirety is the fair and judicially economical course of action.

## ARGUMENT

I.  **ALBERMARLE'S MOTION TO DISMISS SHOULD BE DECIDED BY THIS COURT.**

Albermarle successfully removed this action to this Court, without objection from CPT, based on the federal Lanham Act claims asserted in the Complaint. (*See* Albermarle's Notice of Removal, D.I. 1.) This Court accepted the pendent state law claims because they were based on the same nucleus of operative facts that support the federal law claims. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the

1

United States Constitution.") Thus, upon removal of this matter, this Court had authority to render a decision on each and every claim CPT asserted in the complaint. *See* 28 U.S.C. 1441(c) (where state law claims are joined in the same complaint with the removable federal claims; the entire case can be removed to federal court to determine all the pending issues). Nothing of consequence has occurred to divest this Court of jurisdiction to render a decision on the merits of Albermarle's Motion to Dismiss.

> A. **CPT's Offer To Voluntarily Withdraw Its Federal Law Claims Does Not Divest This Court of Jurisdiction To Rule on Albermarle's Motion to Dismiss.**

CPT suggests that its decision not to oppose Albermarle's Motion to Dismiss with respect to the federal law claims in effect amends its Complaint or withdraws from this Court's consideration the federal law claims. CPT is wrong. Until the Complaint has been amended or this Court orders the dismissal of the federal law claims, those claims are still at issue and this Court still has jurisdiction over this entire matter.

Admittedly, CPT has simplified matters by not opposing Albermarle's Motion to Dismiss as it relates to the federal claims. Nonetheless, the Court should exercise its discretion to consider the merits of Albermarle's motion with respect to the state law claims so as not to delay the inevitable dismissal of this matter in its entirety. *Payman v. Lee County Community Hospital*, 338 F.Supp. 2d 679, 683-83 (4th Cir. 2004) (remand is not mandated when the federal claims in a properly removed case are dismissed).

> B. **This Court Has Discretion to Retain Jurisdiction to Rule On Albermarle's Motion to Dismiss CPT's State Law Claims Even After It Dismisses CPT's Federal Claims.**

Federal courts, including those in the Third Circuit, have discretion to retain jurisdiction of pendent state law claims following the dismissal of federal law claims if doing so will promote judicial economy, convenience, fairness to the litigants and comity

2

(collectively referred to hereinafter as the "Retaining Factors"). *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988); *Horizon, Inc. v. Delaware County*, 983 F.2d 1277, 1285 n.4 (3d Cir. 1993). The balance of the Retaining Factors weigh in favor of this Court retaining jurisdiction to render a decision on Albermarle's Motion to Dismiss.

First, remanding the case would waste judicial resources. Albermarle and CPT have fully communicated to this Court, both orally and in writing, their positions on the issues relevant to the pending Motion to Dismiss. Likewise, the parties have extensively briefed the relevant state law issues, rendering the record complete and the state claims ripe for decision. *See Timm v. The Mead Corp.*, 32 F.3d 272 (7th Cir. 1994) (retaining jurisdiction to simultaneously dismiss federal and state law claims after both clams were fully briefed and ripe for decision). Remanding the state law claims would only force another court to consider the same facts and arguments fully briefed in the currently pending Motion to Dismiss. Doing so would serve no purpose other than delay. *Id.* at 272 (district court reasonably concluded that there was no need to delay the dismissal of state law claims and thus, retained jurisdiction to do so even after disposing of federal claims).

Second, remanding the case now would be unfair to Albermarle. Albermarle, having demonstrated that each of CPT's claims should be dismissed, should not be forced to continue to spend time and money defending CPT's baseless claims. This is especially true when Albermarle has argued from the beginning that CPT's claims were not viable. Only now that CPT faces certain defeat does it concede its federal claims had no basis in law or fact. However, CPT continues to urge state law claims based on a misapprehension of the law. This Court should resolve CPT's misapprehension of the

3

law once and for all before Albermarle has to waste any more time and money defending itself against meritless claims.

On the other hand, CPT would suffer no prejudice by having this Court decide both the federal and state law claims. Indeed, by asserting federal and state law claims in the same complaint, CPT anticipated the possibility that this Court would decide all its claims. *Carnegie-Mellon Univ.*, 484 U.S. at 349 (federal court had jurisdiction over entire action where federal and state law claims in a case "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceedings.") (*citation omitted*).

Third, retaining jurisdiction of this matter does not conflict with principles of comity. The issues to be decided in this Motion to Dismiss are not unique, complex issues of state law. Rather, CPT's state law claims are governed by a well-settled body of law that this Court can interpret to decide Albermarle's Motion to Dismiss. *Timm*, 32 F.3d at 277 ("when difficult and unsettle state law issues are not implicated by the pendent claims, it is entirely acceptable under the discretionary principle for a federal court to decide those claims even after dismissing the main [federal] claim.") *citing Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993); *see also Horizon, Inc.* 983 F.2d at 1285 n.4.

The balance of the Retaining Factors weigh in favor of this Court's keeping jurisdiction to decide the merits of Albermarle's Motion to Dismiss, and Albermarle urges the Court to do so.

## II.  COUNTS I – III AND VI – VII REQUIRE THAT ALBERMARLE HAVE USE OF THE PROPOSED MARKS, USE THAT CPT DID NOT ALLEGE AND NOW CONCEDES DOES NOT EXIST.

CPT mischaracterizes Albermarle's argument for dismissal of the state law claims asserted in Counts I-III and VI –VII (collectively referred to hereinafter as the "Trademark State Claims"). CPT argues that Albermarle attempted to read a "use in commerce" requirement of the Lanham Act into the Trademark State Claims. (CPT's Answering Brief, D.I. 17 at 9-10.) Albermarle did not. The "in commerce" requirement of the Lanham Act refers to commerce regulated by U.S. Congress, *i.e.*, interstate commerce. *See* 15 U.S.C. § 1127 ("The word "commerce" means all commerce which may lawfully be regulated by Congress.") Albermarle does not contend that the Trademark State Claims require use of the Proposed Marks that could be regulated by Congress. Rather, Albermarle demonstrated that each of the Trademark State Claims either explicitly or implicitly requires that the alleged infringing marks be used in connection with goods or services; even if such use was local and could not be regulated by Congress. (*See* Albermarle's Opening Brief, D.I. 15 at 10-12.)

CPT's response brief acknowledges that its claims for deceptive trade practices/unfair competition and common law trademark infringement require *use* of the Proposed Marks that creates a likelihood of confusion. (*See* CPT's Answering Brief, D.I. 17 at 11 and 13) ("the critical inquiry under the DTPA is whether the defendant's *use* of a tradename or trademark creates a 'likelihood of confusion'") (*emphasis added*); *id.* at 11 and 13 *quoting Draper Communications, Inc. v. Delaware Valley Broadcasters Ltd. Partnership*, 505 A.2d 1283, 12 89-90 (Del. Ch. 1985) (referring to common law trademark infringement and deceptive trade acts - "the later *use* by another of a trademark . . . will be retrained if the later-*used* trademark . . is so similar to the prior used

5

trademark. . . as to create a likelihood that the marks . . . will be confused."). Moreover, dilution, by definition, has a similar use requirement. Indeed, dilution has been defined as requiring some kind of mental association in the reasonable buyer's mind between the two *uses* of the marks so as to cause a "likelihood of injury to business reputation . . ." (D.I. 15 at 12). Consequently, CPT is correct, use "in commerce" is not required, but actual use in connection with a good or service is.

CPT cites *Draper* for the proposition that the mere preparation to use an offending mark in the future is sufficient to sustain a claim based on the Delaware Deceptive Trade Practices Act. CPT conveniently omits pertinent facts of *Draper*. The defendant in *Draper*, the owner of a television station, did much more than *prepare to use* the mark at issue. *Draper,* 505 A.2d at 1286. Rather, the *Draper* defendant's plans had progressed to the point that actual use of the mark was imminent. *Id.* at 1286-87. Most importantly, however, were the facts that the *Draper* defendant 1) publicly announced its new television station using the offending mark (*id.* at 1287); 2) had a telephone listing using the offending mark that resulted in misdirected phone calls (*id.* at 1285); and 3) had begun soliciting advertising using the offending mark (*id.* at 1287), which, as the court noted, was an important aspect of defendant's business (*id.* at 1284). The *Draper* defendant used the mark in connection with services in a manner that was likely to and actually did cause confusion. In contrast, Albermarle's filing of intent-to-use applications is not remotely analogous to the *Draper's* defendant's public use of the mark at issue in that case.

CPT's counterfeiting claim, likewise, requires use of the Proposed Marks in connection with a product or good. Surprisingly, CPT's argument to the contrary omits

6

the definition of "counterfeits," which is critical to its claim. By definition, "counterfeits" are "any product or good ***bearing or to which is affixed*** a forged or counterfeited trademark." *See* 6 Del. Code § 3314(c) (*emphasis added*). Thus, if the alleged "forged or counterfeited" trademark is not on or affixed to a product or good, CPT has no claim. *See* 6 Del. Code § 3314 (e) and (g)(1) (statute authorizes injunctive relief against the manufacture, use, display or sale of *counterfeits*). CPT did not allege and now admits that Albermarle has never affixed the Proposed Marks to any good or product and no Albermarle good or product bears the Proposed Marks. CPT's counterfeiting claim is missing the critical element of use and must be dismissed.

### III. CPT'S SLANDER OF TITLE CLAIM MUST BE DISMISSED.

CPT does not advance any legitimate arguments to save its slander of title claim.

First, CPT concedes that its claim for slander of title based on statements made in Albermarle's original intent-to-use applications in June 2002 are time barred. (*See* D.I. 17 at 14). Thus, CPT's slander of title claim must be, at least partially, dismissed on that basis.

Second, Albermarle has adequately explained that it was justified in making the statements about which CPT complains. (*See id.* at 14.). CPT urges this Court to sanction Albermarle for believing it was entitled to registration of the Proposed Mark, a belief supported by the United States Patent and Trademark Office. CPT's arguments succeed only in highlighting that the parties have conflicting claims of ownership to the marks at issue. That conflict to title necessarily eviscerates CPT's slander of title claim as a matter of law. (*See id.* at 14-15). CPT offers no authority to the contrary.

Third, CPT merely recites the law that "special damages" include costs associated with removing the effects of the slander. Albermarle does not disagree. CPT, however,

7

did not allege any such damages. Rather, CPT alleges damages that 1) relate to costs associated only with this litigation or 2) are not based on any statement Albermarle made in its requests for extensions of time to file statements of use. Neither of those categories is cognizable "special damages." (*See id.* at 15-16.) As such, CPT's has failed to allege facts sufficient to maintain its slander of title claim.

### IV. THIS IS AN EXCEPTIONAL CASE ENTITLING ALBERMARLE TO ATTORNEYS' FEES.

The Court may award attorneys' fees to the prevailing party in a Lanham Act action in exceptional cases. Exceptional cases include, but are not limited to, those that are filed and maintained asserting Lanham Act claims without foundation in law or fact. *See* 15 U.S.C. § 1117 (a) (3); S.Rep. No. 1400, 93rd Cong., 2d sess. (Dec. 17, 1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7137 (attorney's fees provision of the Lanham Act "would make a trademark owner's remedy complete in enforcing his mark against willful infringers, and would give defendants a remedy against unfounded suits."); *see also Scotch Whisky Ass'n v. Majestic Distilling Co., Inc.,* 958 F.2d 594, 600 (4th Cir. 1992) ("A prevailing defendant who has been wrongfully charged of falsely designating origin has only one source of restitution, recovery of attorney fees.").

CPT's actions make this an exceptional case for which attorneys' fees should be awarded. CPT initiated this action with no evidence that Albermarle ever used the Proposed Marks in commerce. On that basis, Albermarle has pleaded with CPT to dismiss this action from the very beginning. Albermarle even directed CPT's counsel to the relevant law, which unambiguously defines the "use in commerce" requirement for Lanham Act claims. Nonetheless, CPT continued to urge the Lanham Act claims, which it knew, or should have known, were not founded in fact or law. Although CPT finally

8

concedes that its Lanham Act claims should be dismissed, it did so only after Albermarle had incurred considerable expense defending the claims.

Consequently, this case is exceptional and, as the prevailing party, Albermarle should recover its attorneys' fees.

## CONCLUSION

For the reasons stated herein and in Albermarle's Opening Brief in Support of Defendant's Motion to Dismiss, Albermarle respectfully requests the Court to 1) grant Albermarle's motion to dismiss CPT's federal law claims as unopposed; 2) retain jurisdiction of CPT's state law claims and grant Albermarle's motion with respect to them; and 3) rule that this is an exceptional case and award Albermarle its reasonable attorneys' fees.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Thomas C. Grimm (#1098)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
tcgefiling@mnat.com
jharris@mnat.com
*Attorneys for Defendant Albermarle Corporation*

Of Counsel

Judith A. Powell
Kilpatrick Stockton LLP
1100 Peachtree Street Suite 2800
Atlanta, Georgia 30309-4530
(404) 815-6500

April 3, 2006

9