```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

CROWN PACKAGING TECHNOLOGY,     :
INC.,                           :
                                :
         Plaintiff,             :
                                :
    v.                          :   Civil Action No. 05-892-JJF
                                :
ALBERMARLE CORPORATION,         :
                                :
         Defendant.             :

Peter C. Hughes, Esquire of DILWORTH PAXSON LLP, Wilmington, Delaware.
Of Counsel: Thomas S. Biemer, Esquire and Steven B. Goodman, Esquire of DILWORTH PAXSON LLP, Philadelphia, Pennsylvania.
Of Counsel: Michael Korniczky, Esquire, Philadelphia, Pennsylvania.
Attorneys for Plaintiff.

Thomas C. Grimm, Esquire and Jerry Clyde Harris, Jr., Esquire of MORRIS NICHOLS ARSHT & TUNNELL, Wilmington, Delaware.
Of Counsel: Judith A. Powell, Esquire of KILPATRICK STOCKTON LLP, Atlanta, Georgia.
Attorneys for Defendant.

**MEMORANDUM OPINION**

June ____, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Albermarle Corporation's Motion To Dismiss (D.I. 14). For the reasons discussed, the Motion will be granted, dismissing all federal law claims, and the remaining state law claims will be remanded to the Court of Chancery of the State of Delaware in and for New Castle County.

## BACKGROUND

In June 2002, Defendant, a subsidiary of Georgia Pacific Corporation, filed about forty-five intent-to-use ("ITU") applications with the United States Patent and Trademark Office ("USPTO"). Some applications were abandoned, but in August 2004, the remaining applications were approved by the USPTO and published in the Official Gazette. Plaintiff opposed two applications at the time, and Defendant did not contest either opposition. Defendant has filed, as late as August 2005, for extensions of time in which to file its Statements of Use for the pending seventeen ITU applications.

On November 11, 2005, Plaintiff filed its Complaint in Delaware's Chancery Court, alleging trademark infringement and dilution, unfair and deceptive trade practices, counterfeiting, unfair competition, and slander of title. On December 28, 2005, the case was removed to this Court, and shortly thereafter, Defendant filed its Answer. The Court conducted a teleconference on February 7, 2006, at which, the Court granted Defendant's

1

request to file a motion to dismiss, despite having already filed an Answer. That Motion is presently before the Court.

## PARTIES' CONTENTIONS

By its Motion, Defendant contends that the Court should dismiss Counts I through VIII of Plaintiff's Complaint pursuant to Rule 12(b)(6), in large part because Defendant has merely filed ITU applications and has not "used" the allegedly infringing marks as required as an element of most claims. Plaintiff concedes that the federal claims, brought pursuant to the Lanham Act, should be dismissed, but argues that once the federal claims are dismissed, this Court should decline to exercise supplemental jurisdiction over the state law claims and remand the case back to state court. In response, Defendant contends that the Court should exercise supplemental jurisdiction because the Court's failure to do so would be waste of judicial resources and unfair to Defendant.

## DISCUSSION

I. Whether The Court Should Dismiss Plaintiff's Federal Claims Brought Pursuant To The Lanham Act

The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Counts IV and V of Plaintiff's Complaint allege trademark infringement and dilution under the Lanham Act. Plaintiff concedes that use is an element of infringement and dilution and that "Defendants did not 'use' the Crown-related marks in U.S. commerce as required under and defined by the Lanham Act." (D.I. 17 at 5). Accordingly, the Court will dismiss Plaintiff's Lanham Act claims, Counts IV and V, for failure to state a claim upon which relief may be granted.

II. Whether The Court Should Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims

Having dismissed Plaintiff's federal claims, the Court must decide whether to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state law claims if they form the same case and controversy as the federal claims. 28 U.S.C. § 1367(a). However, a district court may decline to exercise jurisdiction over the supplemental claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C § 1367(c). While this rule appears to be permissive, the Third Circuit has held that a "district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

3

Defendant contends that remanding the case would waste judicial resources because the parties have already briefed the issues before this Court. Defendant further contends that a remand would be unfair because it should not be required to continue spending resources defending Plaintiff's baseless claims. Finally, Defendant contends that the Court's retention of jurisdiction would not conflict with principles of comity because the issues are not unique or complex.

The Court will not exercise supplemental jurisdiction over Plaintiff's state law claims. The Court has dismissed Plaintiff's Lanham Act claims, and therefore, will only exercise supplemental jurisdiction over the remaining claims if there are overriding considerations of judicial economy, convenience, and fairness. The Court concludes that judicial economy concerns are not implicated and that a remand would not be unfair. While the parties have expended some resources briefing the issues on the motion to dismiss, the case is still in its initial stages and discovery is stayed until the Court decides the instant motion (D.I. 12). Growth Horizons, Inc. V. Delaware County, 983 F.2d 1277, 1285 (3d Cir. 1993). Furthermore, the Court concludes that the Delaware state courts are just as convenient a location for the issues related to state law to be litigated as the Delaware federal courts. Ballenger v. Applied Digital Solutions, Inc., 189 F. Supp. 2d 196, 201 (D. Del. 2002). Because the Court

concludes that considerations of judicial economy, fairness, and convenience do not require the Court to retain jurisdiction, the Court declines to exercise jurisdiction and will remand the state law claims to the Court of Chancery of the State of Delaware in and for New Castle County.  <u>Peters v. Air Prods. & Chems., Inc.</u>, 2006 U.S. Dist. LEXIS 15330, at *21 (E.D. Pa. March 30, 2006) (remanding remaining state law claims of a removed case back to state court following dismissal of federal claims).

## CONCLUSION

For the reasons discussed, the Court will grant Albermarle Corporation's Motion To Dismiss (D.I. 14), dismissing all federal claims, and remand the remaining state law claims to the Court of Chancery of the State of Delaware in and for New Castle County.

An appropriate Order will be entered.